UNITED STATES DISTRICT COURT                              20CV108

SOUTHERN DISTRICT OF NEW YORK    x

JOSEPH KRUPPENBACHER,

                    PLAINTIFF          CIVIL CASE No. _____

        v.

ANTHONY J. ANNUCCI, Acting Commissioner;         CIVIL RIGHTS
sued in his official and individual capacity        COMPLAINT

                                           PURSUANT    TO

                                           42 U.S.C. § 1983

THOMAS R. GRIFFIN, form Superintendent GHCF;
sued in his official and individual capacity


DONALD WILKENS, former Deputy Superintendent of Security GHCF;
sued in his official and individual capacity


LAURA A. STANAWAY, Inmate Grievance Program Supervisor GHCF;
sued in her official and individual capacity


DR. LESTER SILVER, Doctor;
sued in his official and individual capacity


KEITH J. SPOSATO, former Sergeant;
sued in his official and individual capacity


1.

JOHN DOE #1, Sergeant; sued in his official and individual capacity

RICHARD SMITH II, Correctional Officer,
sued in his official and individual capacity



RECEIVED
JAN - 2 2020
PRO SE OFFICE

JOHN DOE #1, Correctional Officer;
sued in his official and individual capacity

**20 CV 108**

JOHN DOE #2, Correctional Officer;
sued in his official and individual capacity

Defendants ———————— X

## COMPLAINT WITH JURY DEMAND

## INTRODUCTION

This is a civil rights action filed by Joseph Kruppenbacher, State prisoner, for damages and injunctive relief under 42 U.S.C. §1983 for the denial of the freedom of speech violation of the First Amendment of The United States Constitution, the denial of To be free from unreasonable searches and seizures of both his person and property in violation of the Fourth Amendment of the United States Constitution. Alleging excessive use of force, denial of medical care, basic necessities of life and freedom

2.

from abuse and harassment in violation of the Eighth Amendment of the United States Constitution. The denial of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guarranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201. The Court has supplemental jurisdiction over the plaintiff's State law Tort claim under 28 U.S.C. § 1367.

## PARTIES

1. The plaintiff, Josep Kruppenbachen, was incarcerated at the Green Haven Correctional Facility during the events described in the complaint.
2. That each and everyone of the defendants at all times were acting under the color of State law.
3. That the address for each and everyone of the defendants is Albany, New York.

3.

## PLACE OF CONFINEMENT

1. The plaintiff, Joseph Kruppenbacher was incarcerated at the Green Haven Correctional Facility in Stormville, New York during the events described in the complaint.

2. There was a grievance procedure in place at the Green Haven Correctional Facility.

3. There the plaintiff not only submitted a grievance to each and every fact in this complaint,

4. but he also exhausted all of his administrative remedies before filing this complaint by filing an appeal in a timely manner at each step.

5. However in nearly every step at all relevant times the grievant was denied the grievance process.

4.

<u>PREVIOUS LAWSUITS</u>

1. Loss of Property Claim

   a. Plaintiff:                        Joseph Kruppenbacher

   b. Defendant:                    State of New York

   c. Court of Claims:            County of Albany

   d. Docket Number:           127093

   e. Name of Judge assigned:    Hon. Frank P. Milano

   f. Disposition:                 denied

   g. Date of filing:              December 9, 2015

   h. Date of disposition:       June 2, 2016


2. Loss of Property Claim

   a. Plaintiff:                        Joseph Kruppenbacher

   b. Defendant:                    State of New York

   c. Court of Claims:             County of Albany

   d. Docket Number:           127400

   e. Name of Judge assigned:    Hon. Frank P. Milano

   f. Disposition:                 denied

   g. Date of filing:              January 21, 2016

   h. Date of disposition:       July 22, 2016

PREVIOUS LAWSUITS

3. Article 78

   a. Plaintiff:                           Joseph Kruppenbacher

   b. Defendant:                           STEVEN RACETTE, Superintendant CCF

   c. Clinton County Supreme Court

   d. Docket number:                       Index #2014-1719   RJI # 09-1-2014-0663

   e. Name of Judge assigned:              Hon. Philip V. ConTese

   f. Disposition:                         granted in part, denied in part

   g. Date of filing:                      November 18, 2014

   h. Date of disposition:                 October 5, 2015


4. Article 78

   a. Plaintiff:                           Joseph Kruppenbacher

   b. Defendant:                           Department of Connectional Services

   c. Clinton County Supreme Court

   d. Docket number:                       Index #2015-1122   RJI # 09-1-2015-0463

   e. Name of Judge assigned:              Hon. Philip V. ConTese

   f. Disposition:                         denied

   g. Date of filing:                      July 9, 2015

   h. Date of disposition:                 May 3, 2016

6.

PREVIOUS LAWSUITS

5. Article 78

    a. Plaintiff:                            Joseph Kruppenbacher

    b. Defendant:                         Thomas Griffin, Superintendent GHCF

    c. Dutchess County Supreme Court

    d. Docket Number:                  1251-2017

    e. Name of Judge assigned:     Hon. Denise M. Watson

    f. Disposition:                 denied

    g. Date of filing:               May 31, 2017

    h. Date of disposition:        March 28, 2018

6. Article 78

    a. Plaintiff:                             Joseph Kruppenbacher

    b. Defendant:                         Thomas Griffin, Superintendent GHCF

    c. Dutchess County Supreme Court

    d. Docket Number:                  512-2017

    e. Name of Judge assigned:     Hon. Peter M. Forman

    f. Disposition:                 pending

    g. Date of filing:               March 15, 2017

    h. Date of disposition:       Pursuant to CPLR § 7804(g) Transferred

               September 15, 2017 To Appellate Division, Second Department

PREVIOUS LAWSUITS

7. Article 78

    a. Plaintiff:                                     Joseph Kruppenbacher

    b. Defendant:                                  Anthony Annucci, Acting Commissioner

    c. Albany County Supreme Court

    d. Docket Number:                           4195-17

    e. Name of Judge assigned:         Hon. Richard J. McNally, Jr.

    f. Disposition:                              denied

    g. Date of filing:                         June 30, 2017

    h. Date of disposition:              March 23, 2018

8. Civil Rights Complaint 42 U.S.C. §1983

    a. Plaintiff:                                    Joseph Kruppenbacher

    b. Defendant:                                  Anthony J. Annucci, Acting Commissioner, et. al.

    c. United States District Court - Northern District of New York

    d. Docket number:                       9:16-cv-01436-BKS-TWD

    e. Name of Judge assigned:         Hon. Brenda K. Sannes

    f. Disposition:                               dismissed

    g. Date of filing:                         December 5, 2015

    h. Date of disposition:              May 30, 2018

STATEMENT OF FACTS

1. On September 16, 2016 at about 1:30 p.m. prison guard Richard Smith II (Smith II) put the plaintiff on the wall in the F/G corridor.

2. There Smith II struck the plaintiff in the back of the head knocking to the floor, causing the plaintiff a great deal of pain and dizziness.

3. Smith II then in a profane manner threaten the plaintiff, and

4. Took property from the plaintiff.

5. On September 29, 2016 Smith II in an act of harassment ordered the plaintiff to throw his one piece of fruit into the garbage.

6. Later that same afternoon at the F/G corridor gate Smith II took papers from the plaintiff and refused to return them, and

7. Then threaten the plaintiff.

8. When the plaintiff was interrogated by Sergeant Sposato (Sposato) concerning those incidents on both September 16 and 29 of 2016,

9. The plaintiff was very clear in identifying that it was Smith II.

10. Yet in the investigative report Sposato identified the prison guard as being Ryan Smith,

11. That this was clearly an attempt to misdirect and to cover-up the malfeasance of Smith II.

12. On December 3, 2016 in E-Block Smith II harassed the plaintiff and denied him of reading notices on the bulletin board.

9.

<u>STATEMENT OF FACTS</u>

13. Again in a investigative report Sposato misdirected it by again saying it was Ryan Smith instead of Smith II of the incident of December 3, 2016.

14. On July 21, 2017 at the Administration Building the plaintiff was put on the wall to be 'pat frisked' Smith II to go to a legal visit.

15. There Smith II repeatedly knock the plaintiff to the floor by kicking him in the legs.

16. Each time this was done, it caused the plaintiff a greater difficulty in trying to get back up and stand and more pain.

17. Finally in a fit of anger Smith II grabbed the plaintiff by the back of the shirt, lifted him off the floor and slammed him face first into the wall, causing the plaintiff more pain.

18. Finally the plaintiff was pat frisked except for his feet.

19. Smith II then grabbed the right foot of the plaintiff using it to lift the entire leg of the plaintiff above his waist behind his back.

20. While doing this, Smith II would twist the foot of the plaintiff causing him more pain like it was going to break.

21. This all caused the plaintiff to be lifted off the floor and then to fall.

10.

STATEMENT OF FACTS

22. As the plaintiff fell, Smith II continued hanging on to the foot and twisting it, and

22. Then with deliberate force came body slamming down on top off the plaintiff more pain.

23. Here it felt like Smith II was trying to break the leg of the plaintiff, or to cause some more serious injury and pain to the plaintiff.

24. Experiencing a great deal of pain and difficulty in trying to breathe, the plaintiff was unable to get back up.

25. Several times the plaintiff requested medical attention, but repeatedly denied it by Smith II

26. The plaintiff also several times requested to speak to a sergeant, but was repeatedly denied.

27. Instead Smith II would put a can of pepper spray in the face of the plaintiff, threatening him with using it if he did not get up.

28. All during this time prison guards John Doe #1 and 2 stood by looking on and did nothing to restrain Smith II, nor

29. To aid the plaintiff.

30. Finally when a Sergeant John Doe, he accused the plaintiff of faking and several times denied the plaintiff medical attention.

11.

STATEMENT OF FACTS

31. Eventually the plaintiff was transported to medical services where he spoke with a Dr. Lester Silver (Silver),

32. Telling Silver he was having trouble breathing and in pain.

33. Silver then denied the plaintiff any confidentially when he he requested it.

34. The plaintiff request was premised that Smith II and others were standing by as close as Dr. Silver.

35. Silver then denied the plaintiff any medical aid.

36. The plaintiff was then denied his legal visit and taken back to his cell by Smith II and prison guard John Doe #1.

37. At his cell Smith II then grabbed the plaintiff and slammed him face first several times into the backwall of the cell, and then punched the plaintiff several times in the lower back and side.

38. As Smith II then left the cell, he took nearly all of the legal work of the plaintiff to his 42 U.S.C. § 1983 lawsuit.

39. Here prison guard John Doe #1 again stood by looking on and did nothing to restrain Smith II, nor to aid the plaintiff nor

40. To stop Smith II from taking the legal work of the plaintiff.

41. The plaintiff sent a letter to Anthony J. Annucci with a copy to Thomas Griffin and Donald Wilkens putting them on notice of the assault and theft of legal work, requesting assistance in the recovery of it

## CAUSES OF ACTION

42. The physical assaults and battery the plaintiff suffered caused him both physical and emotional injuries was in violation of the Eighth Amendment and the State of New York law.

43. The failure of prison guards to actively protect and/or defend the plaintiff when he was being physically assaulted and battered constituted indifference to the well being of the plaintiff was in violation of the Eighth and Fourteenth Amendments.

44. The failure of the higher level officials to act on the knowledge of the continuous acts of the physical assaults and battery and harassment constituted a deliberate indifference to the needs of the plaintiff to be safe and secure from such acts was in violation of the Eighth and Fourteenth Amendments.

45. The threats and verbal harassment to the plaintiff was in violation of the Eighth and Fourteenth Amendments.

46. The refusal of the medical needs and care of the plaintiff was in violation of the Eighth and Fourteenth Amendments.

47. The denial of a legal visit constituted a violation of the First and Fourteenth Amendments.

48. The confiscation and/or destruction of legal work of the plaintiff was in violation of the First, Fourth and Fourteenth Amendments.

13.

## CAUSES OF ACTION

49. The refusal of the higher level officials to actively attempt to secure and to return the legal work of the plaintiff constituted a denial of the Due Process Law and access to the court was in violation of the First, Fourth and Fourteenth Amendments.

50. The submitting of investigative reports with fraudulent information was meant to cover-up violations constituted a violation of the plaintiff seeking recourse of those violations was in violation of the First and Fourteenth Amendments.

51. The refusal to respond to grievances and/or appeals constituted retaliation for petitioning government for redress of those violations was a violation of the First and Fourteenth Amendments.

52. There was a pattern where the unlawful practices of conduct that deprived the plaintiff of rights, privileges and immunities secured and protected by the Constitution, laws of the United States, and/or the State of New York that amounted to and were meant to be in retaliation. That there was a temporal proximity to the submitting a grievance and the retaliatory acts, that this was all in violation of the First, Fourth, Eighth and Fourteenth Amendments.

PRAYER FOR RELIEF

WHEREFORE, plaintiff request this Court grant the following relief:

A. Issue a declaratory judgement stating that:

1. The physical abuse of the plaintiff by the defendants violated the plaintiff's rights under the Eighth Amendment of the United States Constitution, and constituted an assault and battery under the State of New York law.

2. The failure of defendants whose duty it was to actively restrain the physical assault and abuses, nor aiding the plaintiff at the time of the physical assaults and abuses violated the rights of the plaintiff under the Eighth and Fourteenth Amendments of the United States Constitution, and constituted assault and battery under the State of New York law.

3. The failure of the defendants to take action to curb the physical abuse of the plaintiff, violated the rights of the plaintiff under the Eighth Amendment of the United States Constitution and constituted an assault and battery under the State of New York law.

4. That the defendants for failing to see that the plaintiff was provided with adequate medical care when the plaintiff requested it, violated the rights of the plaintiff under the Eighth Amendment of the United States Constitution and the State of New York law.

15.

## PRAYER FOR RELIEF

6. The failure of The defendants To Respond To grievances and The appeals Thereof for petitioning The government for redress was in violation of The First and Fourteenth Amendments of The United States Constitution and The State of New York law.

7. That There was a Temporal proximity in The continuous denial of any and/or other rights and privileges due The plaintiff, and The abuses suffered by The plaintiff, violated The rights of The plaintiff under The First, Fourth, Eighth and Fourteenth Amendants of The United States Constitution And The State of New York law.

B. Award compensatory damages in The following amounts:

1. $1,000,000.00 jointly and severely against The defendants for The physical and emotional injuries sustained as a result of The physical assaults and battery To The plaintiff.

2. $1,000,000.00 jointly and severely against The defendants for The failure To protect and/or aid The plaintiff from The physical and emotional injuries sustained as a result of The physical assaults and battery.

16.

PRAYER FOR RELIEF

3. $500,000.00 jointly and severely against the defendants for the failure to curb the physical assaults and battery sustained by the plaintiff.

4. $500,000.00 jointly and severely against the defendants for the physical and emotional injuries from the failure to provide adequate and/or any medical care to the plaintiff.

5. $250,000.00 jointly and severely against the defendants for the physical and emotional injuries for the failure to address the plaintiff petitioning the government for redress to the denial of the rights, privileges and immunities of the plaintiff.

6. $250,000.00 jointly and severly against the defendants for the physical and emotional injuries, for there was a temporal proximity that amounted to a conspiracy of a deliberate harrassment of the plaintiff whenever he submitted a grievance.

C. Award punitive damages in the following amounts:

1. $1,000,000.00 jointly and severely against the defendants for the physical and emotional injuries sustained as a result of the physical assault and battery to the plaintiff.

PRAYER FOR RELIEF

2. $1,000,000.00 jointly and severely against the defendants for the failure to protect and/or aid the plaintiff from the physical and emotional injuries sustained as a result of the physical assaults and battery.

3. $500,000.00 jointly and severely against the defendants for the failure to curb the physical assaults and battery sustained by the plaintiff.

4. $500,000.00 jointly and severely against the defendants for the physical and emotional injuries from the failure to provide adequate and/or any medical care to the plaintiff.

5. $250,000.00 jointly and severely against the defendants for the physical and emotional injuries for the failure to address the plaintiff petitioning the government for redress to the denial of the rights, privileges and immunities of the plaintiff.

6. $250,000.00 jointly and severely against the defendants for the physical and emotional injuries, for there was a temporal proximity that amounted to a conspiracy of a deliberate harassment of the plaintiff whenever he submitted a grievance.

D. Grant such other relief as it may appear that the plaintiff is entitled to that is deemed just and proper, but with nothing less than five hundred thousand dollars ($500,000.00).

18.

Pursuant to 28 U.S.C. section 1746, I declare under the penalty of perjury that the foregoing is True and correct.

Respectfully submitted Pro Se

Dated: August 7, 2019

*Joseph Kruppenbacher*

Joseph Kruppenbacher 09A2532

Clinton Correctional Facility

Post Office Box 2001

Dannemora, New York 12929

19.