UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH KRUPPENBACHER,

Plaintiff,

-against-

ANTHONY J. ANNUCCI, Acting Commissioner, sued in his
official and individual capacity; THOMAS R. GRIFFIN, form.
Superintendent GHCF, sued in his official and individual
capacity; DONALD WILKENS, former Deputy Superintendent
of Security GHCF, sued in his official and individual capacity;
LAURA A. STANAWAY, Inmate Grievance Program
Supervisor GHCF, sued in her official and individual capacity;
DR. LESTER SILVER, Doctor, sued in his official and
individual capacity; KEITH J. SPOSATO, former Sergeant,
sued in his official and individual capacity; JOHN DOE #1,
Sergeant, sued in his official and individual capacity;
RICHARD SMITH II, Correctional Officer, sued in his official
and individual capacity; JOHN DOE #1, Correctional Officer,
sued in his official and individual capacity; JOHN DOE #2,
Correctional Officer, sued in his official and individual capacity,

Defendants.

7:20-CV-0108 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff, currently incarcerated in the Clinton Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983 and state law. He seeks damages and declaratory relief. He sues

Anthony J. Annucci, the Acting Commissioner of the New York State Department of Corrections

and Community Supervision ("DOCCS"), as well current and former identified and unidentified

members of the staff of the Green Haven Correctional Facility. By order dated March 10, 2020,

the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma*

*pauperis* ("IFP").[1]

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

The Court directs service on the identified defendants and directs them to comply with Local Civil Rule 33.2. The Court also directs the Attorney General of the State of New York to identify the unidentified defendants and to provide their identities, badge numbers, and services addresses to Plaintiff.

## DISCUSSION

### A.   Service on the identified defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Defendants Annucci, Griffin, Wilkens, Stanaway, Silver, Sposato, and Smith until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve those defendants until 90 days after the date that summonses for those defendants are issued. If the complaint is not served on those defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Annucci, Griffin, Wilkens, Stanaway, Silver, Sposato, and Smith through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for Defendants Annucci, Griffin, Wilkens, Stanaway, Silver, Sposato, and Smith, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants.

**B.    Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants Annucci, Griffin, Wilkens, Stanaway, Silver, Sposato, and Smith must serve responses to those standard discovery requests. In their responses, Defendants Annucci, Griffin, Wilkens, Stanaway, Silver, Sposato, and Smith must quote each request verbatim.[2]

**C.    Unidentified defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the unidentified defendants. They include a Correctional Sergeant and Correctional Officers assigned to the

---

[2] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

Green Haven Correctional Facility's Administrative Building on July 21, 2017, who were with Correctional Officer Smith and Plaintiff before Plaintiff was to attend a visit by his attorney. It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identity and badge number of each of the unidentified defendants whom Plaintiff seeks to sue here, as well as the address where each of those defendants may be served. The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing service on the newly identified defendants and directing them to comply with Local Civil Rule 33.2.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to issue summonses for Defendants Annucci, Griffin, Wilkens, Stanaway, Silver, Sposato, and Smith; complete USM-285 forms with the service addresses for those defendants; and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court directs Defendants Annucci, Griffin, Wilkens, Stanaway, Silver, Sposato, and Smith to comply with Local Civil Rule 33.2 within 120 days of service of the complaint.

CASE_HEADER

The Court further directs the Clerk of Court to mail a copy of this order and the complaint to the Attorney General of the State of New York at 28 Liberty Street, 16th Floor, New York, New York 10005.

An amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     3/11/20
         White Plains, New York

                                        *Cathy Seibel*
                                        CATHY SEIBEL
                                        United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Anthony Annucci, Acting Commissioner
   New York State Department of Corrections and Community Supervision
   Harriman State Campus – Building 2
   1220 Washington Avenue
   Albany, New York 12226-2050

2. Thomas R. Griffin, former Superintendent
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

3. Donald Wilkens, former Deputy Superintendent
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

4. Laura A. Stanaway, Inmate Grievance Program Supervisor
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

5. Dr. Lester Silver
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

6. Keith J. Sposato, former Correctional Sergeant
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

7. Richard Smith II, Correctional Officer
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

## AMENDED
## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name              Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name          Last Name              Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City              State            Zip Code

Defendant 2:

First Name          Last Name              Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City              State            Zip Code

Defendant 3:

First Name          Last Name              Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City              State            Zip Code

Defendant 4:

First Name          Last Name              Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City              State            Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____